FILED & ENTERED

JUN 11 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>MARK VINCENT KAPLAN,<br><br>Debtor. | Case No. 2:15-bk-16187-RK<br><br>Chapter 11<br><br>**ORDER DENYING DEBTOR'S MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 363 SETTING BUDGET FOR INTERIM USE OF ESTATE PROPERTY AS DEFINED IN 11 U.S.C. § 1115** |

On May 11, 2015, Debtor filed the instant "Motion in Individual Chapter 11 Case for Order Pursuant to 11 U.S.C. § 363 Setting Budget for Interim Use of Estate Property as Defined in 11 U.S.C. § 1115" (Docket No. 16) (the "Motion).  On May 29, 2015, Debtor filed a Declaration of Non-Opposition pursuant to Local Bankruptcy Rule 9013-1(o).

Having reviewed and considered the Motion, the court hereby denies the motion without prejudice and with leave to amend subject to the conditions set forth herein.

The motion is denied because it is not supported by admissible and credible evidence and legal authority to support findings of facts and conclusions of law that the proposed use of estate funds for the personal living expenses of Debtor in the amount of

1  $45,318 per month is authorized under 11 U.S.C. § 363, which governs the use, sale and
2  lease of property of a bankruptcy estate, or any other provision of the Bankruptcy Code,
3  11 U.S.C. *In re Villalobos,* 2011 WL 4485793, slip op. at **8-9 and n. 13 (9th Cir. BAP
4  2011)(unpublished memorandum opinion).  Although no opposition or objection to the
5  Motion has been filed, and Local Bankruptcy Rule 9013-1(h) authorizes the court to deem
6  such failure to be consent to granting the motion, the court is not obligated to do so. The
7  court cannot grant a motion that has not made a prima facie case establishing that the
8  moving party is entitled to the relief sought in the motion based on admissible evidence
9  under the applicable law.
10        Debtor only provides his conclusory declaration as evidence in support of the
11  Motion containing form language, "In order for the Debtor to reorganize effectively,
12  Debtor must pay for reasonable actual household and/or business expenses."   Motion at
13  3.  Unless the court orders otherwise, a trustee or a debtor-in-possession may use, sell or
14  lease estate property in the "ordinary course of business" without court approval pursuant
15  to 11 U.S.C. § 363(c)(1).  *See also,* 3 March, Ahart and Shapiro, *California Practice*
16  *Guide: Bankruptcy,* ¶ 14:25 at 14(I)-2 (2014); *In re Seely,* 492 B.R. 284, 289-291 and nn.
17  4-6 (Bankr. C.D. Cal. 2013).  The court notes that 11 U.S.C. § 1115, as added to the
18  Bankruptcy Code in 2005 by the Bankruptcy Abuse Prevention and Consumer Protection
19  Act of 2005 ("BAPCPA"), includes as property of the estate of a Chapter 11 debtor all
20  earnings of the debtor after the commencement of the case before the case is closed,
21  dismissed or converted, but that section does not refer to the use of such property while
22  the case is pending.  11 U.S.C. § 1115(a)(2); *In re Villalobos,* 2011 WL 4485793, slip op.
23  at **8-9 and n. 13.
24        In filing the Motion, Debtor seeks court approval of his proposed use of estate
25  funds from his postpetition earnings in accordance with his budget for personal living
26  expenses attached to the Motion, apparently because he believes that his proposed
27  budget for use of estate funds is outside the ordinary course of business.   The proposed
28  budget to use estate funds of $45,318 **per month** for personal living expenses of Debtor,

2

a single person with no dependents, on first blush does seem to be outside the ordinary course of business, and Debtor makes no showing that his proposed use of estate funds meets the standard of ordinary course of business under 11 U.S.C. § 363. *In re Dant & Russell, Inc.,* 853 F.2d 700, 704-705 (9th Cir. 1988) (setting forth a two-part legal standard for ordinary course of business under 11 U.S.C. § 363); *accord, In re Straightline Investments, Inc.,* 525 F.3d 870, 879 (9th Cir. 2008).[1]

If the proposed use of estate funds for personal living expenses is not within the ordinary course of business, a trustee or debtor-in-possession may use, sell or lease estate property only after notice and a hearing and upon a showing of the exercise of reasonable business judgment for such use outside the ordinary course of business under 11 U.S.C. § 363(b)(1). *See also,* 3 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶¶ 14:75 and 14:595 at 14(I)-6 and 14(I)-49, *citing inter alia, In re Lionel Corp.,* 722 F.2d 1063, 1071 (2nd Cir. 1983) and *In re Ernest Home Ctr., Inc.,* 209 B.R. 974, 979 (Bankr. W.D. Wash. 1997).

Because the evidence in support of the Motion is insufficient to show that Debtor's proposed use of estate funds is within the ordinary course of business or that Debtor has demonstrated reasonable business judgment for such use, the Motion will be denied. Other courts apparently have not articulated a specific and different standard for use of estate funds of an individual Chapter 11 debtor for personal living expenses under 11 U.S.C. § 363 or another Bankruptcy Code provision other than the standards laid out in *In re Dant & Russell, Inc.,* 853 F.2d at 704-705, *In re Straightline Investments, Inc.,* 525

---

[1] Debtor's personal living expenses on his proposed budget in the Motion appear to be anything but ordinary for a single individual with no dependents: (1) $24,657 per month (not per year) for housing; (2) $2,500 per month for food; (3) $1,000 per month for entertainment; (4) $2,770 per month for his leased vehicle (a 2015 Porsche Carrera 911 4S Cabriolet 2D as shown on his Schedule D of his petition, Docket No. 13, leased on January 14, 2015 (indicated by the date claim was incurred on the schedule), just over three months before the petition date of April 20, 2015); and (5) $10,500 per month for payment of domestic support obligations (no supporting documentation submitted in the Motion). Exhibit B to Motion; Schedule D to Petition; *see also, In re Wood,* 68 B.R. 613 (Bankr. D. Haw. 1986)(large expenditures for unreasonable personal living expenses when other legitimate debts are not being paid may signify gross management of individual debtors' business affairs for purposes of 11 U.S.C. § 1112(b) to warrant conversion or dismissal of Chapter 11 case).

F.3d at 879, or *In re Lionel Corp.,* 722 F.2d at 1071.  See also, *In re Villalobos,* 2011 WL 4485793, slip op. at **8-9 and n. 13.  In *Villalobos,* the Bankruptcy Appellate Panel of the Ninth Circuit reversed the order of the bankruptcy court approving the individual Chapter 11 debtor's personal living expenses on grounds that the bankruptcy court failed to issue sufficient findings of fact and conclusions of law to support approval or disapproval of the expenses in the debtor's proposed budget as well as to support approval of the debtor's budget *nunc pro tunc* to the petition date.  *Id.*  In *Villalobos,* the Bankruptcy Appellate Panel stated, "[g]iven the uncertainty in this area of the law [i.e., post-BAPCPA], the identification of the proper Bankruptcy Code section for approval of personal expenses of individual Chapter 11 debtors, it is all the more important for the bankruptcy court to articulate the legal rule being applied and the explicit findings of fact that support the legal rule."  *Id.* at *9.

IT IS HEREBY ORDERED as follows:

1. The Motion is denied without prejudice.
2. Debtor is granted leave to file an amended motion which addresses the concerns raised in this order, if he wishes.  If Debtor files an amended motion, the court expects that he will submit admissible and credible evidence and briefing to support findings of fact and conclusions of law on the approval or disapproval of the use of estate funds to pay his personal living expenses under the Bankruptcy Code as outlined by the Bankruptcy Appellate Panel in *Villalobos* and by this court in this order.

///
///
///

1    3. Debtor may not use the "negative notice" provisions of Local Bankruptcy Rule
2       9013-1 for such an amended motion.
3    IT IS SO ORDERED.

###

Date: June 11, 2015

_____
Robert Kwan
United States Bankruptcy Judge

5